IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ZACHERY ZACCHEUS MOODY,

    Petitioner,

v.                                                      No. 15-1035-JDB-egb

JERRY VASTBINDER,

    Respondent.

_____

ORDER TO MODIFY THE DOCKET,
DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
_____

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") filed by Petitioner, Zachery Zaccheus Moody, a detainee at the Obion County Correctional Facility in Union City, Tennessee. (ECF No. 1.) For the reasons stated below, the Petition is DENIED.

I.     BACKGROUND

    A.     State Court Procedural History

In June 2014, Petitioner was indicted on drug charges in Obion County, Tennessee. (*Id.* at 1-13.) At the time the Petition was filed, Moody had pleaded guilty and was awaiting sentencing. (*Id.*)

    B.     Procedural History of the Petition

Moody filed the Petition on February 18, 2015. The Clerk of Court shall record the Respondent as Jerry Vastbinder, Sheriff of Obion County.[1] Petitioner has alleged that his guilty

plea was coerced and that his attorney provided ineffective assistance during the criminal proceedings.[1] (*Id.*)

II. ANALYSIS OF PETITIONER'S CLAIMS

Section 2241(c)(3) authorizes federal courts to issue writs of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]" Petitioner is not entitled to relief under this section. Except in extraordinary circumstances not present here, the habeas remedy cannot be invoked to raise defenses to a pending state criminal prosecution. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971) (declining to enjoin prosecution under an unconstitutional statute); *Fenner v. Boykin*, 271 U.S. 240 (1926); *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir. 1986). In this case, the Petition does not set forth any circumstances indicating that Petitioner has been unable to raise any defense he may have in the state-court proceeding. Moreover, the Petition does not allege that there are extraordinary circumstances warranting federal intervention. *See Stimpson v. Stanton*, No. 87-6180, 1988 WL 57480, at *1-2 (6th Cir. June 7, 1988) (per curiam).

Even actual innocence of the crime charged is insufficient to warrant a federal injunction against a state criminal prosecution. Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances[] where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The United States Supreme Court emphasized that

---

[1] Moody also contends that the facility's law library is inadequate. (ECF 1 at 6.) That issue presents no basis for relief in a habeas proceeding and must be raised in a complaint under 42 U.S.C. § 1983, which is subject to a filing fee of $400.

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46.

> Three factors determine whether a federal court should abstain from interfering in a state court action: (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.

*Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). The first two factors were satisfied in this case. There was an ongoing criminal proceeding, and the state had an interest in enforcing its criminal laws. Petitioner had the opportunity to file appropriate pretrial motions in the criminal court, to take the case to trial and, upon conviction, appeal to the Tennessee Court of Criminal Appeals. Every issue presented in the Petition could have been raised in state court.

Although Moody has now pleaded guilty, the Court declines to construe the Petition as seeking relief pursuant to 28 U.S.C. § 2254, because a habeas petitioner must first exhaust available state remedies before requesting relief. *See* 28 U.S.C. § 2254(b)(1); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has not exhausted his state remedies.

Because it appears from the application that Moody is not entitled to a writ of habeas corpus, the Court will not issue an order for Respondent to show cause why the writ should not be granted. The Petition is DENIED and judgment shall be entered for Respondent.

III.    APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). 28 U.S.C. § 2253 provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability). The COA requirement is applicable in this case pursuant to § 2253(c)(1)(A). *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed, *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir.

4

2011), however, courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that Moody's claims are meritless for the reasons previously stated. Because any appeal by Petitioner on the issues raised in the Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons it denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

IT IS SO ORDERED this 17th day of March 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).